## STANLEY v. SHOOLBRED.

1. In action for recovery of a tract of land, the plaintiff having failed to adduce any testimony tending to show that he had title to the land described in the complaint, or any part thereof, or that defendant was in possession of or had trespassed upon any part of said land, a nonsuit was properly granted.

2. A person in actual possession of a part of a tract of land may extend his possession to the whole tract by producing a deed or plat covering the whole, and may claim title to the entire tract by showing his exclusive possession thereof under this color of title for the requisite statutory period.

3. But a claim under color of title is not shown by producing a grant and plat which had never been in the possession of the claimant or of those under whom he held; nor by a grant and plat of land, of no part of which land he had ever been in the actual possession.

4. Where the defendant pleads a general denial and a further defence by way of confession and avoidance, the admissions of the latter cannot be used by the plaintiff to establish the issues raised by the general denial.

Before HUDSON, J., Richland, October, 1885.

The opinion fully states the case.

*Mr. R. A. Lynch,* for appellant.

*Messrs. Clark & Muller,* contra.

July 7, 1886.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The plaintiff brought this action in February, 1885, to recover possession of a tract of land described in his complaint as follows: "A tract of land situate in Richland County, State aforesaid, containing seven hundred and thirteen acres, formerly known as the Delozier land, bounded on the north by the lands purchased by William Bynum from Scott, and now in the possesion of Mrs. Frances H. Shoolbred; also by land of Mrs. Sarah Ray and Jeff Tucker; on the east by land of Dr. William Weston and land of Lawrence Scott, on the south by land now claimed by Mrs. Jane Adams, on the west by lands of Alice Stack, G. A. Kaminer, James Scott, and the estate of Dr. J. G. Huguenin."

The defendant interposed two defences as follows: "For a first defence, admits that she is in possession of about four hundred acres of land within the boundaries stated in the complaint, and admits that she withholds the same from the plaintiff; but she denies each and every other allegation in said complaint contained.   For a second defence, alleges that neither plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises described in the complaint, or any part thereof, within ten or twenty years before the commencement of this action, but that defendant, her ancestors, predecessors, and grantors, have held and possessed the said premises adversely to the pretended title of the plaintiff for ten and for twenty years last past before the commencement of this action under a claim of title in fee exclusive of any other right."

The plaintiff did not undertake to make out any regular chain of paper title, but relied entirely upon a title by possession acquired by those under whom he claimed.   For this purpose he offered testimony tending to show that one Asa Delozier, who died in 1822, was at the time of his death, and for some ten or

twelve years prior thereto, in possession of a certain plantation in Richland County, the boundaries or, extent of which were not stated; that by his will he gave all of his property to his wife, Hannah Delozier, who continued to occupy the same place, cultivating a patch of some four acres, and having some claim to a mill about a half or three-quarters of a mile from where she lived, up to the time of her death, in 1856; that by her will she gave her property to her daughter, the wife of plaintiff, for her life, with remainder to her issue; that she died without issue, whereby the property reverted to the heirs of Hannah Delozier, and that plaintiff holds a conveyance from the only living child of Hannah for her interest in the estate of her mother, and in the estate of her deceased sister, who was the wife of plaintiff.

The plaintiff also introduced in evidence an original grant and plat to Richard Jeffries for 300 acres, dated April 2, 1772, and original grant and plat to Moses Harris for 400 acres, dated June 4, 1786; but where these papers came from, does not very distinctly appear. The plaintiff's counsel in his argument assumes that they were found among the valuable papers of Mrs. Hannah Delozier after her death; but we do not find that these particular papers are anywhere mentioned in the testimony. The only thing which does appear in the testimony in reference to the finding of papers is what is said by Mrs. McLauchlin, the granddaughter of Hannah, when she was on the stand as a witness, and this is all that there appears: "Bundle of old papers presented to witness. I found these papers in an old box belonging to my grandmother. The box in which I found them was sent to my mother's house the day after my grandmother's death. The box had never been opened until I opened it. I carried the papers to my mother, who handed them to Mr Stanley." But there is not a word in the testimony here, or anywhere else, to indicate that the two grants above referred to were in the "bundle of old papers" which this witness speaks of finding, and certainly nothing whatever in the testimony to indicate that either Asa or Hannah Delozier ever saw or heard of the existence of such papers. Indeed, the first mention we find made of them is when the plaintiff, near the close of his case, offered them in evidence.

The plaintiff then offered the surveyor, who testified as follows: "I surveyed this land under the order of this court, but only in part for want of proper time. Notice short. No instructions. I made a very imperfect survey; but I surveyed enough to be able to say that the mill is located on the plat accompanying the old grant to Richard Jeffries. I did not fully survey either grant. The plats cover the Bynum land, or what I have always heard called the Bynum land. The mill is on one of the grants. Can't swear that the two plats are of adjacent territory, but believe they are. The survey was very imperfect. I found none of the marks and stations. They were all gone." A Mr. Styles, who seems to have been employed as an assistant by the surveyor, testified as follows: "I was requested by James D. Stanley to locate the land covered by the Richard Jeffries and Moses Harris plats. I took the plats, went into the neighborhood, tried the plats by the lines and by the natural objects stated in the plats. I found trees marked as on the plats at some of the corners. At some of them I did not find the trees on the plats, but I found other trees of the same kind." This witness also speaks of a diagram made by the surveyor and himself, which, however, was not in evidence, and, therefore, need not further be referred to.

Another witness, W. B. McLauchlin, whose testimony seems to be much relied on by appellant's counsel, after saying that he was employed by Mr. Adams, as executor of Wm. Bynum to rebuild the Delozier mill, proceeded as follows: "He told me to get all the timber to rebuild the mill from the Delozier tract. Tom Bynum, his overseer, pointed out the lines of the Delozier plantation to me. Recently I have gone over the same ground and recognize the lines pointed out to me. The lands seemed to contain 700 or 800 acres." But as neither this witness nor any other, so far as we have been able to discover, has undertaken to give the boundaries of what he calls the Delozier tract, and certainly not to identify such boundaries with those set out in the complaint, we are at a loss to perceive the pertinency or effect of his testimony.

At the close of the plaintiff's case, the defendant moved for a non-suit upon two grounds: 1st. Because the plaintiff has failed to show title to the premises sued for, or any part thereof. 2d.

Because, if the plaintiff could be regarded as having shown title to a part of the premises sued for, he has wholly failed to show that defendant is in possession of that part."

Judge Hudson granted the motion, giving as his reasons therefor the following : 1. Because plaintiff claims under two grants from the State, one for 300 acres to Richard Jeffries, April 2, 1772, the other for 400 acres to Moses Harris, June 5, 1786 ; but to neither of these grants did he trace his title by a chain of conveyances. In his efforts to do so he traced the links of his chain to the will of Asa Delozier, probated in 1822. From what source Asa Delozier derived his title, was not made to appear. 2. The plaintiff was, therefore, compelled to rely upon the long possession of Asa Delozier and his devisee, Hannah Delozier. Of course, then, it was essential to establish the location and extent of the possession. The *pedis possessio* of Hannah Delozier was confined to a small patch of about four acres, with some evidence of a claim to a mill-house some distance from her dwelling. But there was no legal color of title put in evidence, which in law could extend her constructive possession, because there was no evidence that she claimed for the statutory period any defined territory under a legal color of title. No deed, no plat, no line of marked trees connecting the little homestead with the mill, and claimed by her so to connect it, was offered in evidence. 3. But a greater want still remained to be supplied, and this was not done. Even had the plaintiff shown the limits and boundaries of the actual constructive possession of Hannah Delozier (and this he did not do), it next devolved on him to show that the defendant is a trespasser within that area. Of this fact there was no evidence. He failed to show the location of any trespass or adverse claim of the defendant. It devolved on him to show, first, the extent of Hannah Delozier's title by possession, actual and constructive ; and, secondly, that this title covered the trespass of the defendant. In both these essentials he failed, and hence the non-suit. By failure I mean a total want of evidence."

From this judgment plaintiff appeals upon various grounds, which need not be set out in detail here, for we think they may all be resolved into two general questions : 1st. Did the plaintiff fail to adduce any testimony tending to show that he had title to

the premises described in the complaint, or any part thereof? 2d. Did he fail to offer any testimony tending to show that the defendant was in possession of, or had trespassed upon the premises, or any part thereof described in the complaint, to which plaintiff had offered testimony tending to show title in himself? If both or either of these questions must be answered in the affirmative, then the non-suit was properly granted; but if they must both be answered in the negative, then the non-suit was improperly granted. For the plaintiff, to maintain his action, must establish two things—first, that he has title to the premises described in the complaint, or some part thereof; and, second, that the defendant has trespassed on such premises, or some part thereof. Hence, if the plaintiff has failed to present any testimony tending to prove either one of these propositions, both of which are not only material, but absolutely essential to the maintenance of his action, then the non-suit is proper.

First, then, let us inquire whether there was any testimony tending to show that plaintiff had title to the premises described in the complaint, or any part thereof. It is conceded that he has not shown any paper title at all, but he may, as he has done, rely upon title by possession—not his own possession, but the possession of those under whom he claims, viz., Asa Delozier and Hannah Delozier. Our first inquiry, therefore, is whether there is any testimony that either Asa or Hannah Delozier ever had any possession within the boundaries of the tract of land described in the complaint. We confess that we have not been able to find any such testimony. It is true that there is testimony to the effect that Asa Delozier for some ten or twelve years, and perhaps longer, prior to his death was in possession of a plantation in Richland County called his place, but there is not the slightest testimony tending to show where such plantation was located, or what was its extent, until we come to the testimony as to the possession of the same place by Hannah Delozier. It is quite certain, therefore, that there has been an entire failure to show any title by possession in Asa Delozier to any particular spot of land, and most certainly not to any land within the boundaries set out in the complaint.

Then as to the possession of Hannah Delozier. While there

is testimony showing that she had possession of about four acres of land, with some claim to a mill near by, no witness has undertaken to define the limits of such possession, or the location of the four acres which she occupied and used, or of the mill near by; and there is not a shadow of testimony tending to show that either the four acres or the mill are within the boundaries set out in the complaint. If, however, the plats attached to the grants to Jeffries and Harris can be used as color of title in her, then upon well settled principles they may be resorted to, to extend her possession to the limits embraced within those plats, provided it does not conflict with the possession of some one having a better title within such limits; for, according to the testimony of the surveyor, the patch of four acres and the mill are both within the lines of the Jeffries grant; but whether these two grants adjoin, does not appear.

The only witness who speaks as to this is the surveyor, who says : "Can't swear that the two plats are of adjacent territory, but believe they are." Now, when it is seen that the survey was "a very imperfect survey," (to use the language of the surveyor himself), it seems pretty clear that his expression of belief that these two tracts of land adjoined, was a mere conjecture, and not an expression of opinion based upon information derived from an actual survey; for if he had made such survey, he would have been able to say whether they were adjoining tracts, and he tells us that he did not make anything like a complete survey, his language being, "I surveyed enough to be able to say that the mill is located on the plat accompanying the old grant to Richard Jeffries. I did not fully survey either grant," and he says nothing whatever as to the lines of the Harris plat, or what land is embraced therein.

But taking the most favorable view for the appellant, and assuming for the purpose of this inquiry that the two grants are adjoining, let us consider whether these two plats, one or both, can be used as color of title to extend Hannah Delozier's possession to the limits of the lines of those plats. When a person is in the actual occupation, has *pedis possessio*, of a part of a tract of land, he may extend his possession over the whole tract, by producing a plat or deed covering the whole tract, or otherwise

showing that he claims to be in possession of the whole tract; and when such possession is of such a character, and has continued long enough to give him a title, he thereby acquires as good a title as if he had produced a regular chain of paper title. But it is necessary for him to show not only his *possessio pedis* of a part of the tract, for the requisite length of time, but also to define clearly the limits to which he claims by virtue of such possession, and that he has for the requisite length of time made such claim. A man may have had actual occupancy of a small part, say five acres, of a tract containing 1,000 acres for nine years, without any plat, deed, or other color of title indicating that he claims, by virtue of such possession, the whole tract, and if he should, upon the expiration of the ninth year, have a plat made covering the whole tract, we do not think that he could by such color of title, at the expiration of the next year, claim to have thereby established his title to the whole tract; for while the evidence of his possession of the five acres would be amply sufficient to establish his title to that portion of the tract, there would be no evidence whatever that he had claimed to hold by possession the balance of the tract for a longer period than one year, and, therefore, no evidence by which his possession of a part of the tract could be extended over the whole tract for a period sufficiently long to give him a title to the whole tract.

We think, therefore, that it is necessary, in such a case, to show, not only an actual occupation of a part of the tract for the requisite length of time, but also there must be some evidence from which it can be inferred that the occupant has, by virtue of such *pedis possessio*, claimed the whole tract for the same length of time ; for his possession outside of his *pedis possessio* cannot be said to begin until he acquires color of title extending such possession, or until he otherwise shows that by virtue of such *pedis possessio* he claims the whole tract; and, therefore he cannot be said to have established any title to the portion covered by such extended possession, until such extended possession has been shown to exist for the requisite time. This may be shown by the production of a plat made for, or a deed made to, himself or one under whom he went into possession, covering the whole tract, of the proper date for the purpose, or by any other

evidence showing that during the requisite time he has claimed the whole tract.

Applying these principles to the case under consideration, it is difficult to see how either of the plats attached to the old grants, afford color of title to Hannah Delozier so as to extend her actual possession over the whole of both or either of those grants. There certainly is not the shadow of any evidence that either of these grants were ever in the possession of Asa Delozier or were ever seen or even heard of by him ; and we do not see any evidence that they were ever in the possession of Hannah Delozier, or even their existence known to her. For though, as we have said above, the counsel for appellant has assumed that these grants were found amongst Hannah Delozier's valuable papers at her death, yet we have hereinbefore recited all the testimony appearing in the record upon that subject, and we look in vain for any evidence that these two grants were in the bundle of old papers found by Mrs. McLauchlin in the box of Hannah Delozier. She does not say so, and no other witness says so, and we do not see how we can infer that it was so. But waiving this, and assuming that these two old grants were in the bundle of papers referred to by that witness, we look in vain for any evidence as to how or when Hannah Delozier acquired possession of them, or any evidence whatever that she ever, at any time, set up any claim to hold possession of all the land embraced within the plats attached to said grants, or even that she ever knew of their existence.

But even assuming that there was evidence tending to show that Hannah Delozier had possession of these grants for the requisite length of time, and that by virtue thereof she claimed to extend her possession over both of the tracts, we do not see how this would help the plaintiff. It might show that the plaintiff had offered testimony tending to show title by possession to all the land embraced within the lines of the Jeffries grant, inasmuch as there is some testimony tending to show that Hannah Delozier, under whom plaintiff claims, was in the actual occupation of a part of that grant, but we look in vain for any testimony whatever tending to show that the Jeffries grant covers a foot of land embraced in the complaint. Indeed, there is, throughout the

whole testimony, a singular absence of any reference whatever to the boundaries of the land set out in the complaint.

But even conceding that the plaintiff, by using the Jeffries grant and plat as color of title, has established title by possession to the whole of that grant, where is there any evidence of such title to the Harris grant? To state it most strongly for the plaintiff, it is at least doubtful whether these two grants adjoin, but assuming that they do, how is it possible for the possession on the Jeffries grant to be extended so as to cover the Harris grant, even if the latter should be regarded as affording color of title in Hannah Delozier? Color of title is of no avail whatever except in aid of actual possession within the lines embraced in such color of title, and there is not a particle of testimony that Hannah Delozier ever had possession of any portion of the Harris grant, or ever set her foot upon it. The fact which has been assumed for the purpose of this inquiry, that she had possession of both of these grants, and thus had color of title to both, may, as we have said, enable her to extend her actual possession within the lines of the Jeffries grant to the whole of that grant, but how can it extend her possession to the Harris grant, in the absence of any evidence that she ever had any actual possession within the lines of that grant, even though they be conceded to be adjoining?

The case which has gone as far as any other upon this subject is that of *Alston* v. *Collins* (2 *Speer*, 450), but that case is very far from coming up to the present. There the ancestor of plaintiffs had acquired the title to five tracts of land, contiguous to each other, in 1785. In 1787 a resurvey of these lands was made, and they were all embraced in one plat, the several tracts being designated thereon by the numbers from 1 to 5 inclusive. In 1838 these lands were devised by the ancestor to the plaintiffs, who brought the action against the defendant, who had been in actual possession of a portion of tract No. 5 under junior grants for a period long enough to establish a title by the statute of limitations. The plaintiffs' ancestor, by his tenants, had possession all the while on tract No. 1, and it was held that this possession extended over all the land embraced within the plat of 1787, and therefore that the plaintiffs were entitled to recover all of the land except that of which defendant had had *pedis possessio* for

the statutory period. It will be observed in that case that the five tracts were not simply adjoining, but they were all owned by the same person, the ancestor of the plaintiffs, and by him devised to the plaintiffs, and more than that, the five tracts had all, as far back as 1787, been embraced in one plat of resurvey, and these circumstances were held to be sufficient to extend the possession on one of the tracts over all five, except where it was displaced by the defendant's *pedis possessio.*

But in the present case we find no such circumstances. There is no evidence that the title to the Jeffries grant and the Moses Harris grant was ever held by the same owner, and no evidence that these two grants were ever consolidated into one plat. We can see no ground, therefore, for extending the actual possession on the Jeffries grant to the land embraced within the lines of the Harris grant. We agree, therefore, with the Circuit Judge that the plaintiff failed to show any evidence of title to the land described in the complaint or any part thereof.

But should we be in error in this, it would be necessary to inquire further, whether any evidence appears in the case tending to show that defendant was in possession of, or had trespassed upon, any of the land described in the complaint. No witness has testified that the defendant has trespassed upon, or is in the possession of, any land claimed by the plaintiff, or, indeed, of any land at all. To establish this part of his case, the plaintiff relies entirely upon the admissions in the answer. We will first consider the admissions supposed to be made by the defendant, in pleading her second defence. Waiving any question (about which there might be grave doubt), as to whether the language there used would amount to an admission that the defendant was in possession of any portion of either the Harris or the Jeffries grants, which, so far as we can understand, is the land to which the plaintiff claims title, it is sufficient to say that it is well settled that where a defendant pleads two defences— one a general denial, and the other by way of confession and avoidance, any admission contained in the latter cannot be resorted to by the plaintiff to establish the issue raised by the former.

As is said by Pomeroy in his work on Remedies, at page

743, section 724: "When a denial is pleaded in connection with a defence of new matter, or two defences of new matter are set up, the admissions in the one can never be used to destroy the effect of the other. The concessions of a defence by way of confession and avoidance do not obviate the necessity of proving the averments contradicted by the denial. This rule is universal." And again this standard author on the Code, at page 630, section 578, in speaking of the effect of the admissions of one of several defendants who have put in separate answers, says: "The same doctrine extends to separate defences of one party in a single answer; the admissions in a defence of confession and avoidance do not overcome the effect of a denial contained in another." Indeed, any other rule would, practically, deny to a party the right to plead a general denial, and a second defence by way of confession and avoidance. We think it quite clear that any admission (if there is any) to be found in the second defence here pleaded cannot be resorted to, for the purpose of establishing the issue raised by the first defence.

We proceed then to inquire into the effect of the alleged admission contained in the first defence. The allegations of the complaint are, that the plaintiff has title to a certain tract of land, described, 1st, as situate in Richland County; 2nd, as containing 713 acres; 3rd, as formerly known as the Delozier land; 4th, as bounded by certain land as specifically mentioned; 5th, that the defendant is in possession of said land and unlawfully withholds the same. The defendant, in her answer, "admits that she is in possession of about 400 acres of land, within the boundaries stated in the complaint, and admits that she withholds the same from the plaintiff; but she denies each and every other allegation in said complaint contained." From this statement of the pleadings it is manifest that defendant's admission relates solely to the 4th and 5th allegations as we have stated them above, and that every other allegation was distinctly denied. She does not admit, but on the contrary denies, that the land in question is situate in Richland County, that it contains 713 acres, or that it was formerly known as the Delozier land. All she admits is, "that she is in possession of about 400 acres of land, within the boundaries stated in the complaint," and as there is not a single

word in the testimony as to those boundaries, or any intimation even that the land within those boundaries was ever known as the Delozier land, or even that the land covered by the Jeffries and Harris grants, the only land to which the plaintiff can by any possibility claim to have offered evidence of title, is the land embraced within the boundaries set out in the complaint, it seems too plain to need further argument to show that the admission in the answer cannot avail the plaintiff as any evidence whatever to establish one of the material points of his case.

We agree, therefore, with the Circuit Judge that the plaintiff utterly failed to adduce any testimony of any trespass by the defendant upon any portion of the land to which he sought to establish his title.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.